UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JERRY OSAZEE OSARETIN,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-01508-RBM-AHG<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL; AND**<br><br>**(2) DISMISSING HABEAS PETITION ON SCREENING** |
| --- | --- |

On March 6, 2026, Petitioner Jerry Osazee Osaretin ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) Petitioner represents that he was ordered removed to Uganda at his merits hearing on February 2, 2026, and that he has appealed this decision. (*Id.* at 6.)  He also represents that on December 31, 2025, he had a bond hearing where the immigration judge denied bond upon a finding that Petitioner was a danger to the community. (*Id.*)  He also "would like to know . . . if [he] would be entitled to representation by a public defender." (*Id.* at 7.)  The Court construes this as a Motion to Appoint Counsel.

1

## I.   <u>MOTION TO APPOINT COUNSEL</u>

"Whenever the United States magistrate judge or the [C]ourt determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). A "financially eligible person" is one who is "financially unable to obtain adequate representation in accordance with this section." *Id.* § 3006A(a). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted).

Here, Petitioner attests that he has "limited financial resources," but also that it is "extremely difficult to contact [his] attorneys." (Doc. 1 at 7.) It is thus unclear whether he is financially unable to obtain adequate representation. Accordingly, the Motion to Appoint Counsel is **<u>DENIED without prejudice</u>**.

## II.   <u>SCREENING</u>

The Court is required to screen habeas corpus petitions to determine whether they are subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," *id.*, or "where the allegations in the petition are vague or conclusory." *Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citation omitted).

The Court finds that Petitioner's claims are vague or conclusory in that they do not state grounds for relief, such as violations of a statute, the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, or the Administrative Procedure Act. The Petition also appears to challenge the merits of Petitioner's removal order or other determinations by an immigration judge. For example, Petitioner disagrees that he can be sent to Uganda (*see* Doc. 1 at 5; Doc. 1-4 at 1–2 (appeal of the immigration judge's order of removal)), or that he should have been denied bond (*see* Doc. 1 at 6).

3:26-cv-01508-RBM-AHG

The Court does not have jurisdiction over such claims.  *See* 8 U.S.C. § 1252(g) (precluding jurisdiction over the Attorney General's decision "to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen]"); *Singh v. Bowen*, Case No. 5:26-cv-00486-MCS-PVC, 2026 WL 485760, at *4 ("To the extent Petitioner seeks release during the pendency of his appeal simply because he disagrees with the merits of the immigration judge's decision, the Court lacks the authority to enter such an order."); *Valenzuela v. Semaia*, Case No. 5:25-cv-02853-SSS-RAO, 2025 WL 4041920, at *2 (C.D. Cal. Dec. 10, 2025) ("Although Petitioner may disagree with the outcome of the [immigration judge's] determination at the bond hearing, this Court does not have jurisdiction to sit as an appellate body over this issue.").  Therefore, summary dismissal of the Petition is required.

### III.   CONCLUSION

For the reasons above, the Petition (Doc. 1) is **DISMISSED without prejudice** and the Motion to Appoint Counsel is **DENIED without prejudice**.

On or before **April 3, 2026,** Petitioner may file an amended Petition and an amended Motion to Appoint Counsel addressing the issues identified above.

**IT IS SO ORDERED.**

DATE:  March 12, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3

3:26-cv-01508-RBM-AHG