UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY OSAZEE OSARETIN,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LaROSE,<br><br>                              Respondent. | Case No.: 26-cv-1508-JES-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO APPOINT COUNSEL; and**<br><br>**(2) CONDITIONALLY APPOINTING COUNSEL**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Jerry Osazee Osaretin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. On March 12, 2026, the Court screened the petition. ECF No. 2. On April 20, 2026, Petitioner filed a Motion to Appoint Counsel, which appears to include in it an amended petition as well. ECF No. 3.

Having reviewed the motion to appoint counsel and amended petition, the Court finds that Petitioner has sufficiently shown that he cannot afford counsel and that representation will serve the interests of justice. 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Accordingly, the Court **GRANTS** the motion to appoint counsel and hereby **CONDITIONALLY APPOINTS** Federal Defenders of San

1

Diego, Inc., as counsel, effective immediately. If Federal Defenders of San Diego, Inc., determines it does not have the capability to represent him, Federal Defenders of San Diego, Inc., shall notify Petitioner and file notice with this Court by **May 7, 2026**. If so, Petitioner shall continue unrepresented. If Federal Defenders choose to accept representation, Petitioner shall file an amended Petition no later than **May 14, 2026**.

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court"); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant and to preserve [] jurisdiction over the matter."); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2097979, at *3 (W.D. Wash. July 25, 2025) (enjoining the Respondents from removing Petitioner without approval from the court).

**IT IS SO ORDERED.**

Dated: April 30, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

2

26-cv-1508-JES-AHG